IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DIANE CEGELSKI, )
)
        **Plaintiff,** )
)
v. )
)
COLLECTCORP CORPORATION, )
)
        **Defendant.** )

## COMPLAINT

NOW COMES the Plaintiff, DIANE CEGELSKI, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COLLECTCORP CORPORATION, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. DIANE CEGELSKI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Green Bay, County of Brown, State of Wisconsin.

1

5. COLLECTCORP CORPORATION, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of Arizona.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In April 2009, Plaintiff received a telephone call from Ms. Adams, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff.

10. The alleged debt of Plaintiff was incurred for personal, family, or household services.

11. Defendant stated that it was calling from the federal government and that Plaintiff was under investigation by the federal government for breach of contract.

12. On more than one occasion, Defendant contacted Plaintiff at her place of employment despite having been notified that Plaintiff cannot take such calls while at work.

13. Defendant contacted Plaintiff's boss and stated that it was calling to collect a debt from Plaintiff as Plaintiff failed to pay her bills.

14. During the course of its attempts to collect a debt from Plaintiff, Defendant telephoned Plaintiff multiple times, sometimes up to five (5) times in a single day.

15. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer in violation of 15 U.S.C. §1692b(3);

   c. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   d. Communicated with the consumer at the consumer's place of employment despite having knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

   e. Communicated with any person other than the consumer in connection with the collection of any debt other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   f. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   h. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   i. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   j. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

k. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

17. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIANE CEGELSKI, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DIANE CEGELSKI**

**By:**    s/ David M. Marco
       Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us